**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MARCUS A. RODRIGUEZ,**

    **Plaintiff,**

                                                                    Civil Action 2:15-cv-2591
    v.                                                    Judge Michael H. Watson
                                                           Magistrate Judge Elizabeth P. Deavers

**HOLLY UHRIG,** *et al.,*

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF No. 3.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1).

Plaintiff's certified trust fund statement reveals that he currently possesses the sum of $17.73 in his prison account, which is insufficient to pay the full filing fee. His application indicates that his average monthly deposits for the six-month period prior to filing his application to proceed *in forma pauperis* were $17.96.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (Inmate Id # A655138) at Chillicothe Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus. This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint.

**I.**

Congress enacted 28 U.S.C. §§ 1915(e) and 1915A, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>   *  *  *
>
>  (B) the action or appeal--
>
>   (i) is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31; *see also* 28 U.S.C. § 1915A (requiring the Court to screen a prisoner's complaint "as soon as practicable" and dismiss any portion of a the complaint if it is frivolous, malicious, or fails to state a claim). Thus, §§ 1915(e) and 1915A require *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

---

[1] Formerly 28 U.S.C. § 1915(d).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  Additionally, the Court must construe *pro se* complaints liberally. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949.

4

## II.

Plaintiff brings this action under 42 U.S.C. § 1983, alleging that Defendants, Correctional Officers Holly Uhrig and Tara Smith (collectively "Defendants"), violated his constitutional rights to due process and equal protection of the law.  Within the body of his Complaint, Plaintiff asserts conclusory allegations without providing sufficient facts from which the Court could draw a reasonable inference that Defendants are liable for the alleged misconduct.  In his Complaint, Plaintiff alleges that Defendants acted as follows:

> . . . [D]efendant no. 1 [Holly Uhrig] had implemented a clandestine policy, practice, procedure, custom or habit of applied label faction against Plaintiff while targeting him for discriminatory arbitrary and malicious actions (punishments) violating Plaintiff's rights and liberty protected interest of (real substance) outside the scope of the defendants public service employment.
>
> Defendant's  (Uhrig's) malicious and bias motivated actions against Plaintiff were due to his race, gender or ethnic background.  This defendant[']s hatred of Plaintiff has resulted in unnecessary infliction of more pains, penalties, punishments than allowed by law, resulting in great fear of imminent threat of harm or injury.
>
> From on or about 7/04/2013 through 7/04/2015 defendant no. 2 [Tara Smith], has while acting in concert with defendant no. 1 targeted Plaintiff for clandestine forms[] of punishments, retaliation for filing grievances, falsified official reports, denied the plaintiff "actual" procedural due process in her arbitrary and capricious decision making also employed under label faction against Plaintiff due to his race, gender or ethnic background, subjecting Plaintiff to atypical and significant hardships in daily prison life.
>
> The specific acts, actions or omissions of defendants Uhrig and Smith are contained in Exhibits A-1 through A- herein, and incorporated and reinstated fully here for reference.

(Pl.'s Compl. 5, ECF No 1.)  A review of the Exhibits attached to Plaintiff's Complaint reveals that Plaintiff filed numerous informal Complaints and grievances with the institution alleging that Defendant Smith filed false reports against him and threatened to retaliate against him due to

5

his race.  Plaintiff alleges that Defendant Smith took over $100.00 of his property based on erroneous information, and that she "threw around and tossed on the floor" his legal papers, religious materials, schooling materials, and peanut butter sandwich.  (Pl.'s Compl. Ex. A-2, ECF No. 1-1.)

He also alleges that Defendant Uhrig singled him out and wrote false conduct reports against him.  (Compl. Ex. A 4-9, ECF No. 1-1.)   Plaintiff further alleges that Defendant Uhrig falsely accused him of attempting to establish relations with female staff.  Plaintiff submits that, as a result of these false accusations, he was denied proper re-class and removed from the Horizon Program.  Plaintiff also asserts that Defendant Uhrig has a problem with Hispanic individuals, and that "prejudice has caused her to cloud her judgment and let bias and prejudice replace her professional judgment."  (Compl. Ex. A 4, ECF No. 1-1.)

Although Plaintiff's Complaint lacks clarity, he appears to allege that Defendants filed false conduct reports against him because they dislike Hispanic men, and that they intended to retaliate against him for filing grievances.  Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendants.

To the extent Plaintiff seeks to assert due process claims against Defendants premised upon the filing or processing of the conduct reports, such claims fail.  "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Plaintiff has neither a constitutional right to be free from false accusations nor a liberty interest in an appeal from a conviction of conduct report charges.  *Jackson v. Hamlin*, 61 F. A'ppx 131, 132 (6th Cir. 2003)

(A "prisoner has no constitutional right to be free from false accusations of misconduct.") (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *Fields v. Henry Cnty., Tenn*, 701 F.3d 180, 186 (6th Cir. 2012) ("Procedural rights that do not require a particular substantive outcome cannot give rise to protected liberty interests." (internal quotation marks and citation omitted)); *Iacovone v. Wilkinson*, No. 2:03-cv-652, 2007 WL 490160, at *5–6 (dismissing inmate's procedural due process claim premised upon defendant's refusal to recognize a timely appeal of conviction of charges in conduct report, reasoning that "[t]here is simply no inherent constitutional right to an effective prison grievance procedure").

Additionally, to the extent Plaintiff seeks to assert retaliation claims against Defendants on the grounds that the subject conduct reports were falsified, such claims likewise fail given that he was convicted of the charges. *Ruiz v. Bouchard*, 60 F. App'x 572, 574 (6th Cir. 2003) ("[T]o the extent that [the plaintiff] has asserted a pure retaliation claim, [he] still has not stated a claim because he was convicted of the misconduct charges."); *Wilson v. Wellman*, No. 99–2377, 2000 WL 1829265, at *2 (6th Cir. Dec. 6, 2000) ("[P]rison officials' conclusions that [the plaintiff] was guilty of the underlying misconduct charges satisfies defendants' burden of showing that they would have brought the charges against him even if [the plaintiff] had not filed his grievances and complaints.").

Finally, Plaintiff has failed to state an equal protection claim. "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011) (citing *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 312 (6th Cir. 2005)).

Plaintiff has not demonstrated any facts from which the Court can draw the reasonable inference that Defendants burdened a fundamental right, targeted him because he is Hispanic or a man, or intentionally treated him differently than other similarly situated individuals without having a rational basis to do so.  Plaintiff provides no facts to demonstrate that Defendants intentionally targeted him and filed reports against him because of his race or gender.  While he makes the conclusory assertion that Defendants dislike Hispanic men, he provides no facts to support this allegation.  Moreover, the Exhibits to Plaintiff's Complaint demonstrate that he was found guilty of the misconduct alleged by Defendants in the conduct reports.  This suggests that Defendants had a factual basis for issuing the conduct reports and that they were not motivated by discriminatory intent.  *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977) ("Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.")

In sum, Plaintiff fails to provide sufficient facts to state a claim for relief that is plausible on its face.  Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety.

### III.

If any party seeks review by the District Judge of this Report and Recommendation, that party may within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, and the part in question, as well as the basis for objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objections to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: July 15, 2015                                            /s/ *Elizabeth A. Preston Deavers*
                                                              Elizabeth A. Preston Deavers
                                                              United States Magistrate Judge