UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Marcus A. Rodriguez,

    Plaintiff,

    v.

Holly Uhrig, *et al.*,

    Defendants.

Case No. 2:15–cv–2591

Judge Michael H. Watson

## OPINION AND ORDER

Plaintiff Marcus A. Rodriguez ("Plaintiff"), an inmate at the Chillicothe Correctional Institution ("CCI"), sues Correctional Officers Holly Uhrig and Tara Smith (collectively "Defendants"), under 42 U.S.C. § 1983, alleging due process and equal protection violations. On July 15, 2015, Magistrate Judge Deavers issued a report and recommendation ("R&R") recommending the Court dismiss Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A. ECF No. 4. Plaintiff, proceeding *pro se*, timely objected. ECF No. 6. For the following reasons, the Court **OVERRULES** Plaintiff's objections.

## I. BACKGROUND

Plaintiff's allegations are outlined in the R&R and will not be repeated here. In sum, Plaintiff alleges Defendants targeted him for "clandestine forms of punishment" based on his race, ethnicity, or gender, falsified conduct reports against him, and retaliated against him for filing grievances against them based on their behavior.

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

After outlining Plaintiff's less than clear allegations in his complaint, the Magistrate Judge concluded that Plaintiff "appears to allege that Defendants filed false conduct reports against him because they dislike Hispanic men, and that they intended to retaliate against him for filing grievances." R&R 6, ECF No. 4. She then concluded that these allegations fail to state a claim upon which relief may be granted against Defendants.

### A. Due Process

The Magistrate Judge first found that to the extent Plaintiff seeks to assert due process claims against Defendants based on the filing or processing of the allegedly false conduct reports, those claims fail because Plaintiff does not have a constitutional right to be free from false accusations nor a liberty interest in an appeal from a conviction of conduct report charges.

Plaintiff objects, arguing:

> The Plaintiff specifically claimed that defendants actions against him were (1) discriminatory, and made in bad faith to prejudice his liberty interest in maintaining his programming, (2) retaliatory in nature for the filing of grievances against the defendants, and (3) a denial of procedural due process in an inadequate grievance appeal process rendering it ineffective to cause the arbitrary and capricious decision making practice at CCI . . . .

Obj. 3, ECF No. 6.

Plaintiff's argument is not well taken. As to his first point, Plaintiff cannot state a procedural or substantive due process claim based on Defendants' alleged interference with his ability to maintain programming as he cites to no authority that he has a constitutional right to or a liberty interest in programming in prison. Second, as explained in greater detail below, Plaintiff's due process claims based on the alleged retaliatory nature of Defendants' actions fails because he has failed to show that their actions constituted an egregious abuse of governmental power or behavior that shocks the conscience. As to Plaintiff's last point, as the Magistrate Judge correctly explained, "[t]here is simply no inherent constitutional right to an effective prison grievance procedure nor does state law create such a liberty interest." *Iacovone v. Wilkinson*, No. 2:03–cv–62, 2007 WL 490160, at *6 (S.D. Ohio Feb. 8, 2007) (citation omitted). Accordingly, Plaintiff's objection to the Magistrate Judge's finding regarding Plaintiff's due process claim is overruled.

## B. Retaliation

The Magistrate Judge next found that to the extent Plaintiff seeks to assert retaliation claims against Defendants based on the allegedly falsified conduct

reports, Plaintiff's conviction of the conduct charges precludes him from succeeding on those claims. Plaintiff objects.

There are two types of retaliation claims: (1) claims alleging an individual was retaliated against for exercising specific constitutional rights, and (2) general claims of retaliation. *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000).

The first category of retaliation claims is generally brought under the First Amendment. To state a First Amendment claim for retaliation, a plaintiff must establish that: 1) he engaged in protected conduct; 2) he suffered an adverse action which would deter a person of ordinary firmness from continuing to engage in the protected conduct; and 3) the adverse action was motivated at least in part by the protected conduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132–33 (6th Cir. 2003).

In contrast, general retaliation claims "are brought under the Due Process Clause of the Fourteenth Amendment." *Id.* (citation omitted). To state a claim for general retaliation, "a prisoner must establish 'an egregious abuse of governmental power' or behavior that 'shocks the conscience.'" *Id.* (citation omitted).

By invoking both Due Process Clause and the First Amendment, Plaintiff appears to be attempting to assert both types of claims. Plaintiff first argues that he sufficiently alleged that Defendants retaliated against him by filing false conduct reports. As the Magistrate Judge correctly found, however, this claim fails under both categories of retaliation claims given that Plaintiff was found

guilty of the misconduct Defendants alleged. See *Ruiz v. Bouchard*, 60 F. App'x 572, 574 (6th Cir. 2003) (citations omitted).

Plaintiff next argues he sufficiently alleged that Defendants retaliated against him for filing grievances against them based on their filing of allegedly false conduct reports. He states that directly after he filed those grievances, Defendants interfered with "his liberty protected interest . . . to attend certain programs for reduction of sentence." Obj. 5, ECF No. 6. Plaintiff appears to be referring to the fact that he was removed from the Horizon Program. As the Magistrate Judge noted, however, the exhibits to Plaintiff's complaint show that Plaintiff was found guilty of the conduct that led to his removal from the Horizon Program. See Exs. A-15–A-20, ECF No. 1-2; Ex. A-21, ECF No. 1-3. Such evidence suggests that Plaintiff's removal from the program was not effectuated in retaliation for his filing of the grievances, and Plaintiff offers no other allegations from which the Court can reasonably infer a causal connection between the filing of his grievances and his removal from the Horizon Program. See *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001). Accordingly, Plaintiff fails to state a First Amendment retaliation claim. Plaintiff also fails to assert a general retaliation claim for the same reason, as removal from the Horizon Program premised on a legitimate factual basis does not constitute an egregious abuse of governmental power or behavior that shocks the conscience.

Plaintiff last argues that he stated a retaliation claim based on the allegation that Defendant Smith tossed Plaintiff's legal papers and religious

materials and dumped Plaintiff's lunch sandwich on top of his documents. Plaintiff asserts that Defendant Smith undertook these actions in an effort to deter Plaintiff from filing grievances against her. Obj. 6, ECF No. 6. Plaintiff fails to state a First Amendment retaliation claim based on this allegation, as the Court finds that Defendant Smith's actions would not deter a person of ordinary firmness from continuing to engage in the protected conduct. Cf. Jackson, 61 F. App'x at 133 (kicking mail into an inmate's cell amounts to at most a de minimis adverse action); Tate v. Campbell, 85 F. App'x 413, 417–18 (single search of inmate's living cubicle and forty-five minute restriction to segregation cell would not deter a person of ordinary firmness from exercising his constitutional rights). Similarly, Plaintiff fails to assert a general retaliation claim on this ground, as Smith's actions simply do not amount to an egregious abuse of governmental power or behavior that shocks the conscience.

In sum, Plaintiff has failed to sufficiently allege a retaliation claim against Defendants.

## C. Equal Protection

Last, the Magistrate Judge found that Plaintiff has failed to state an equal protection claim because Plaintiff failed to allege any facts from which the Court could reasonably infer that Defendants burdened a fundamental right, targeted him because of his race or gender, or intentionally treated him differently than other similarly situated individuals absent a rational basis for doing so. In so finding, she noted that the fact that Defendant was found guilty of the misconduct

alleged by Defendants in the conduct reports suggests that Defendants had a factual basis for issuing the reports and thus were not motivated by discriminatory intent.

Plaintiff does not explicitly object to this finding. To the extent he intends to do so by arguing the existence of a fundamental right or targeted mistreatment based on alleged falsified conduct reports, his objection is overruled for the same reasons articulated above.

In sum, Plaintiff has failed to show that the Magistrate Judge erred in finding that his complaint fails to state a claim for relief that is plausible on its face.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's objections are **OVERRULED**, the R&R, ECF No. 4, is **ADOPTED**, and Plaintiff's complaint is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**